

# In the United States Court of Federal Claims

No. 15- 1230C

(Filed: January 8, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

INEZ VELEZ,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

**JAN - 8 2016**

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff's complaint seeks $280 million for injuries suffered throughout her life as a result of alleged negligent medical care provided while she was in hospitals and mental care facilities both in New York and Puerto Rico. She also alleges that "the state" failed to protect her while in custody and that "the state" had covered up a sexual assault that she experienced in 1953. Defendant moved to dismiss for lack of jurisdiction. Having apparently misapprehended the effect of such a motion, plaintiff subsequently sent a packet of materials, the aim of which is expressing plaintiff's displeasure at having had her case dismissed. The clerk's office did not file those documents because of a number of procedural defects.

Although we are cognizant of plaintiff's *pro se* status and apparent confusion, we need not wait for a proper response to the motion to dismiss because Rule 13(h) of the Rules of the United States Court of Federal Claims compels us to dismiss the complaint *sua sponte*.

28 U.S.C. § 1491 gives this court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." The most relevant portion of this to plaintiff's complaint is the exclusion

of tort claims from our jurisdiction. Although the complaint is largely devoid of any factual allegations of how plaintiff was harmed, it is clear, to the extent that she has alleged any legally cognizable claims, they are grounded in tort, that is to say that her claims involve the intentional or negligent infliction of harm upon her by third parties. This is precisely what our jurisdictional statute excludes from our review.

Accordingly, the following is ordered:

1. Defendant's motion to dismiss is denied as moot.

2. The clerk's office is directed to return the documents received on January 4, 2016, to plaintiff unfiled.

3. The clerk is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

_____
ERIC G. BRUGGINK
Judge